IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Carsee Marquise Gartrell, | ) | Case No. 8:22-cv-01993-DCC-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| James Boggs, Jr., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's amended complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. ECF No. 19. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On August 23, 2022, the Magistrate Judge issued an Order informing Plaintiff that this action was subject to partial summary dismissal. ECF No. 17. Plaintiff was told that he could attempt to cure the defects in the complaint by filing an amended complaint. Plaintiff was warned that failure to file an amended complaint could result in dismissal of his claims with prejudice and without leave for further amendment. Plaintiff filed an amended complaint; however, as noted by the Magistrate Judge, Plaintiff failed to cure the defects in the initial complaint.

On September 20, 2022, the Magistrate Judge issued a Report recommending that Plaintiff's claims, other than for excessive force against Mr. Boggs, be dismissed with

prejudice and without issuance and service of process. ECF No. 24. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff did not file objections to the Report, and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As stated above, Plaintiff has not objected to the Magistrate Judge's Report. Accordingly, after considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the recommendation of the Magistrate Judge. Plaintiff's claim for excessive force as to Mr. Boggs has been served. Plaintiff's remaining claims are dismissed with prejudice, without issuance and service of process, and without leave for further amendment.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

November 1, 2022
Spartanburg, South Carolina